**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

BERGA HABETAMU SHIBESHI,
Petitioner,

v.

JEREMY CASEY, Warden,
Respondent.

Case No.: 3:26-cv-04117-RBM-GC

**ORDER DISMISSING PETITION ON SCREENING AS MOOT**

**[Doc. 1]**

Petitioner Berga Habetamu Shibeshi ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1), a Motion to Appoint Counsel (Doc. 2), and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") (Doc. 3).

Shortly thereafter, and before this Court issued an order in this action, Respondents filed a Notice of Related Case indicating that Petitioner previously filed a petition for writ of habeas corpus in the United States District Court, District of Arizona ("Arizona Petition") "where he also challenged the legality of his ICE detention." (Doc. 4 at 1 (citing *Shibeshi v. Unknown*, No. 2: 26-cv-2511-SHD (D. Ariz.)).) On August 5, 2026, the Court issued an order granting Petitioner's IFP Motion (*see* Doc. 3) and *sua sponte* staying these proceedings pending resolution of the Arizona Petition. (Doc. 6 at 2–3.)

Pursuant to this Court's Order (*see id*. at 3), on August 26, 2026, Respondents filed a Status Report "confirming that Petitioner's pending Arizona habeas matter has a disposition." (Doc. 7 at 1.) Respondents state that "the Court in Arizona ordered a bond

hearing" on August 10, 2026, and that "the Immigration Court Granted Petitioner's release from custody under bond of $1,500" on August 25, 2026. (*Id*. (citing *Shibeshi v. Unknown*, No. 2:26-cv-2511-SHD (D.Ariz., July 13, 2026)).) For the reasons set forth below, the Petition is **DISMISSED AS MOOT**.

## I. LEGAL STANDARD

The Court must first screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254."). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Habeas Rule 4, or "where the allegations in the petition are vague or conclusory." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001). Dismissal does not bar a petitioner from seeking habeas relief in the future. *Sanders v. United States*, 373 U.S. 1, 8 (1963).

District courts have the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Courts do not have jurisdiction "where no actual or live controversy exists." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). An action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

## II. DISCUSSION

Petitioner requests his release from ICE custody claiming that his immigration detention for over 16 months without a bond hearing violates the Fifth Amendment's Due Process Clause. (Doc. 1 at 4–7.) As Petitioner was granted release from custody on $1,500

bond (*see* Doc. 7 at 1; Doc. 7-1, Ex. 1 at 2–3), Petitioner's claims are now moot. *See Abdala*, 488 F.3d at 1065 (holding habeas claims were moot where "the successful resolution of [Petitioner's] pending claims could no longer provide the requested relief.").

## III. CONCLUSION

Based on the foregoing reasons, the Court **LIFTS** the stay in this action and **DISMISSES** the Petition (Doc. 1) **AS MOOT**. In light of this disposition, Petitioner's Motion for Appointment of Counsel (Doc. 3) is **DENIED AS MOOT**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

DATE: August 31, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE